IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| RICHARD BEN GLAWSON,            ) | |
|                                                         Petitioner,            ) | |
| v.            ) | Civil Action No. 5:16-03546 |
| JOEL ZIEGLER, Warden,            ) | |
|                                                         Respondent.            ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Section 2255 Motion and transferred to the United States Court of Appeals for the Eleventh Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h) as to whether Petitioner should be authorized to file a second or successive Section 2255 Motion in the United States District Court for the Middle District of Georgia.

**FACT AND PROCEDURE**

**A.     Criminal Action No. 5:05-cr-00013:**

On October 31, 2007, Petitioner was convicted in the Middle District of Georgia of one

---

[1]   Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

count of distribution of a Schedule II controlled substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2 (Count One); one count of distribution of a Schedule I controlled substance, marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2 (Count Two); two counts of distribution of more than five (5) grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. § 3 (Counts Three and Four); one count of possession with the intent to distribute a Schedule I controlled substance, marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D), and 18 U.S.C. § 2 (Count Five); one count of possession of a firearm after being convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six); and one count of escape from custody in violation of 18 U.S.C. § 751(a) (Count Seven). United States v. Glawson, Case No. 5:05-cr-00013 (M.D.Ga. March 13, 2008). On March 13, 2008, the District Court sentenced Petitioner to a total term of 327-months of imprisonment, to be followed by a five-year term of supervised release. Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals. On April 15, 2009, the Eleventh Circuit affirmed Petitioner's conviction and sentence. United States v. Glawson, 322 Fed.Appx. 957 (11th Cir. 2009). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on January 26, 2010. Glawson v. United States, 558 U.S. 1157, 130 S.Ct. 1162, 175 L.Ed.2d 989 (2010).

B.     **First Section 2255 Motion:**

On September 27, 2010, Petitioner filed in the Middle District of Georgia a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Glawson, Case No. 5:05-cr-00013, Document No. 131. As grounds for relief, Petitioner alleged the following: (1) Ineffective assistance of counsel; (2) Ineffective assistance of appellate counsel; and (3) Intentional

2

prosecutorial misconduct. Id. By Report and Recommendation filed on October 28, 2011, United States Magistrate Judge Charles H. Weigle recommended that the District Court deny Petitioner's Section 2255 Motion. Id., Document No. 139. Petitioner filed Objections on November 9, 2011. Id., Document No. 140. By Memorandum Opinion and Order entered on December 21, 2011, the District Court adopted Judge Weigle's Report and Recommendation and denied Petitioner's Section 2255 Motion. Id., Document Nos. 144 and 145. Petitioner filed a Notice of Appeal on February 17, 2012. Id., Document No. 149. By Order entered on October 18, 2012, the Eleventh Circuit denied Petitioner's certificate of appealability. Id., Document No. 159.

C.  **Instant Section 2241 Petition:**

On April 11, 2016, Petitioner filed his instant Section 2241 Petition and Memorandum in Support. (Civil Action No. 5:16-03546, Document Nos. 1 and 2.) In his Petition, Petitioner alleges that he is actually innocent of being a career offender under the Sentencing Guidelines based upon Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). (Id.) Petitioner explains that he was determined to be a career offender because he had a prior armed robbery conviction and a controlled substance offense. (Id.) In light of Johnson, Petitioner argues that his prior conviction for robbery was not an appropriate qualifying predicate offense. (Id.) Therefore, Petitioner requests that his sentence be vacated and the Court resentence him without the career offender enhancement. (Id.)

## ANALYSIS

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177,

46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his sentence as imposed by the Middle District of Georgia. Specifically, Petitioner

4

contends that his sentencing enhancement as career offender is invalid based upon Johnson. Petitioner is clearly challenging the validity of his sentence, not the manner in which his sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Middle District of Georgia. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred to the Middle District of Georgia as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court at least once before and has not obtained certification/authorization to file a second or successive Motion from the Eleventh Circuit Court of Appeals.[2]

---

[2] As explained below, the undersigned finds that Petitioner's Section 2241 Petition should be construed as a successive Section 2255 Motion and transferred to the Court of Appeals for the

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider his claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the Petitioner can establish that his remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner

---

Eleventh Circuit for consideration under 28 U.S.C. 2244(a) and 2255(h) as to whether Petitioner should be granted authorization to file a second or successive section 2255 motion in the Middle District of Georgia.

cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. It appears, however, that the Fourth Circuit has not recognized an entitlement to proceed under section 2241 when an inmate challenges his *sentence* contending that the remedy under Section 2255 is inadequate or ineffective. See United States v. Poole, 531 F.3d 263, 267 fn. 7 (4th Cir. 2008), ("Fourth Circuit precedent has likewise not extended the reach of the [Section 2255(e)] savings clause to those petitioners challenging only their sentences. See In re Jones, 226 F.3d 228, 333 - 34 (4th Cir. 2000)(outlining the circumstances in which '§ 2255 is inadequate or ineffective to test the legality of a *conviction*')(emphasis added).") "The remedy provided under Section 2255(e) opens only a narrow door for a prisoner to challenge the validity of his conviction or sentence under Section 2241." Boynes v. Berkebile, 2012 WL 1569563 at *6 (S.D.W.Va.)(District Judge Berger).

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. First, Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying *convictions*. Citing Johnson, Petitioner argues that his prior conviction for robbery no longer qualifies as a violent felony for the purposes of enhancing his sentence under the Sentencing Guidelines. The undersigned finds that Petitioner's challenge to the validity of his *sentence* based upon Johnson does not meet the requirements of the saving clause. See Bennett v. United States, 2012 WL 5511643 (S.D.W.Va. Oct. 23, 2012); also see Farrow v. Revell, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(unpublished)(petitioner's challenge to his armed career criminal status is not cognizable in a Section 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his *conviction*); Darden v.

7

Stephens, 426 Fed.Appx. 173 (4th Cir. 2011)(finding that Petitioner could not challenge his *sentence* based upon *Chambers* under a Section 2241 Petition); McCode v. Ziegler, 2015 WL 362657 (S.D.W.Va. Jan. 27, 2015)(District Judge Berger)(petitioner's claim that changes in the law disqualified certain prior convictions that were used to enhance his sentence under the ACCA is not cognizable in a Section 2241 petition); Chambers v. United States, 2013 WL 171091, * 3 (W.D.N.C. Jan. 16, 2013)(finding that Petitioner's challenge to his sentence as being impermissibly enhanced based on a prior North Carolina state drug conviction does not come within the purview of § 2241 as outlined in *Jones*); Noggin v. Wilson, 2013 WL 5603226 (E.D.Va. Oct. 11, 2013)(finding that Petitioner could not challenge his *sentence* based upon *Miller* and *Simmons* under a Section 2241 Petition); Moon v. United States, 2012 WL 6212616, * 2 (D.S.C. Dec. 13, 2012)(Since petitioner challenges his armed career criminal sentencing enhancement based upon Simmons, he has not raised a claim that may be presented in a Section 2241 Petition). As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255.

Second, the undersigned finds that Petitioner may not barred by the gatekeeping requirements of Section 2255. One of the "gatekeeping" provisions of Section 2255 is that a defendant cannot file a second or successive Section 2255 Motion unless he meets the criteria of Section 2255(h). Section 2255(h) provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> **(2) a new rule of constitutional law, made retroactive to cases on collateral**

**review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255(h)(emphasis added). In Johnson, the United States Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague. Johnson, ___ U.S. at ___, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for those with three qualifying prior felony convictions for either serious drug offenses or violent felonies. The "residual clause" provided that a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another" was considered a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii). On April 18, 2016, the United States Supreme Court determined that Johnson announced a new substantive rule that applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S.Ct. 1257 (2016). Accordingly, Johnson claims can now meet the gatekeeping provisions under Section 2255(h)(2). Recently, the Fourth Circuit Court of Appeals granted a petitioner's request for authorization to file a second or successive Section 2255 Motion where petitioner sought to "challenge his career-offender status by applying the new constitutional rule announced in Johnson to the § 16(b) definition of a crime of violence (and thereby to the then-relevant version of U.S.S.G. § 4B1.2)." In re Hubbard, 2016 WL 3181417 (4th Cir. June 8, 2016)("Because application of Johnson to § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in Johnson is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 Motion."). In In re Robinson, Justice Martin indicated that defendants in the Eleventh Circuit should file motions requesting permission to file second or successive Section 2255 Motions where defendants wished

to challenge their career offender enhancements pursuant to U.S.S.G. § 4B1.2 based upon Johnson. In re Robinson, 2016 WL 1583616, * 2 (11th Cir. April 19, 2016)(J. Martin, concurring)("[B]elow is a list of every case I know of in which this court denied an application from a prisoner seeking to file a second or successive 28 U.S.C. § 2255 petition based on *Johnson*. I share this list in the hope that these prisoners, who filed their applications without a lawyer's help, may now know to refile their applications. I have separated out cases that arise under the residual clause in the Armed Career Criminal Act (ACCA) and the cases that arise under the identical language in United States Sentencing Guidelines § 4B1.2 (which includes cases for which the guidelines were mandatory together with those for which the guidelines were advisory).")

Based on the foregoing, the undersigned proposes that the District Court **FIND** the following: (1) Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and his Section 2241 Petition is inappropriate; (2) Petitioner must seek relief from the sentencing court pursuant to Section 2255; and (3) Since a Section 2255 Motion filed by Petitioner would be a second or successive motion, Petitioner must seek authorization from the appropriate court of appeals to file a second or successive Section 2255 Motion based on Section 2255(h)(2). The undersigned further proposes that the District Court **CONSTRUE** Petitioner's Section 2241 Petition as a successive Section 2255 Motion and **TRANSFER** the successive Section 2255 Motion as a request for permission to file a second or successive 2255 motion to the United States Court of Appeals for the Eleventh Circuit. See United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003); also see In re Bradford, 660 F.3d 226, 228 (5th Cir. Oct. 7, 2011)(finding that pursuant to 28 U.S.C. § 1631, a district court could transfer a section 2241 petition found to be a successive section 2255 motion to the appropriate court of

appeals with jurisdiction to determine whether such filing should be authorized.)

## NOTICE TO PETITIONER

Petitioner is hereby **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

**(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;** or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(emphasis added). Petitioner is further **NOTIFIED** that the one-year statute of limitations period under 28 U.S.C. § 2255(f)(3) for filing a claim relying on the Supreme Court's decision in Johnson expires on **June 26, 2016**. Thus, the Petitioner must act quickly to make the appropriate filings in order to have his Johnson-related claims considered.

**Petitioner is NOTIFIED that if he intends to file a Johnson claim, he MUST do so before JUNE 26, 2016. Petitioner is further NOTIFIED that nothing in this Proposed Finding and Recommendation, or any Objections thereto, will change or extend this deadline. Petitioner MUST file an application seeking authorization to file a successive section 2255 motion based on a Johnson claim with the United States Court of Appeals for the Eleventh Circuit before JUNE 26, 2016.**

11

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1) as a second or successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and **TRANSFER** it to the United States Court of Appeals for the Eleventh Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h) as to whether Petitioner should be authorized to file a second or successive section 2255 motion in the United States District Court for the Middle District of Georgia.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: June 14, 2016.

Omar J. Aboulhosn
United States Magistrate Judge