**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

RICHARD BEN GLAWSON,

                Plaintiff,

v.                            CIVIL ACTION NO.   5:16-cv-03546

JOEL ZIEGLER,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's April 11, 2016 *Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241* (Document 1) and *Memorandum of Law in Support of Application for Writ of Habeas Corpus Under 28 U.S.C. §2241* (Document 2).   The Petitioner asserts that he was wrongfully sentenced as a career offender under Section 4B1.1 of the United States Sentencing Guidelines (USSG), in light of the Supreme Court's holdings in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (finding residual clause of Armed Career Criminal Act to be unconstitutionally vague) and *Welch v. United States*, 136 S. Ct. 1257 (holding that *Johnson* established new substantive rule of Constitutional law that applied retroactively to cases on collateral review.)

By *Standing Order* (Document 4), this action was referred to the Honorable Omar Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. §636.   On June 14, 2016, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 6).   The Magistrate Judge recommended that this Court construe the petition as a

second or successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, and transfer the petition to the United States Court of Appeals for the Eleventh Circuit, for consideration of whether the petitioner should be authorized to file a successive petition, under 28 U.S.C. §§ 2244(a) and 2255(h).[1]

On July 1, 2016, the Petitioner filed his *Objections to the Proposed Findings and Recommendation* (Document 8).   The Court is required to make a *de novo* determination of the validity of the findings of a Magistrate Judge where a party makes specific objections.   28 U.S.C. § 636(b)(1)(B).   However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. *Thomas v. Arn*, 474 U.S. 150, 150 (1985).   In addition, the Court need not conduct *de novo* review where a party makes "general and conclusory objections that do not direct the Court to a specific error in the magistrate judge's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).   The Petitioner's objections focus on one argument: that this Court has jurisdiction to entertain his Section 2241 motion, because Section 2255 does not permit him to challenge an error in the application of the USSG.   (Objections, at 3.)

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention.   28 U.S.C. § 2255.   However, Section 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under Section 2241 where Section 2255 is "inadequate or ineffective to test the legality" of the detention.   28 U.S.C. § 2255; *see also United States v. Poole*, 531 F.3d 263, 270 (4th Cir. 2008).    The fact that relief under Section 2255 is procedurally barred does not render the remedy

---

[1]   The petitioner filed a separate Motion 28 U.S.C. § 2244(a) and 2255(h) on June 27, 2016, in the Eleventh Circuit, seeking leave to file a successive Section 2255 petition.   *See Glawson Application*, No. 16-14530-J (11th Cir) (Document 1).   On July 27, 2016, the application was denied.

inadequate or ineffective to test the legality of a prisoner's detention.   *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).   A district court will only have jurisdiction over a Section 2241 petition if the petitioner is confined in that district.   *Poole*, 531 F.3d at 270, citing *In re Jones*, 226 F.3d at 333-34.   At the time the Petitioner filed his Section 2241 motion, he was incarcerated at FCI-Beckley within the territorial jurisdiction of this Court.

In the Fourth Circuit, a Section 2255 petition is only inadequate or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269, quoting *In re Jones*, 226 F.3d at 333-34.   One of the gatekeeping provisions of Section 2255 is that a defendant cannot file a second or successive Section 2255 motion unless he meets the criteria of Section 2255(h).   Section 2255(h) requires that a petitioner obtain certification from the "appropriate" court of appeals before filing a second or successive Section 2255 petition.   28 U.S.C. §2255(h).

Here, the Magistrate Judge found that the Petitioner's claims were properly classified under Section 2255, and that this Court would not have jurisdiction to entertain his Section 2241 petition. The Magistrate Judge began by correctly noting that matters relevant to a petitioner's conviction or sentence are properly addressed through a Section 2255 motion, while matters relevant to a petitioner's "commitment or detention" are properly addressed through Section 2241.   (PF&R, at 4, citing 28 U.S.C. §2242.)   The Magistrate Judge found that because the Petitioner challenged the sentencing court's finding that he was a career offender, the Petitioner had, for all practical

purposes, "challenge[d] the validity of his sentence as imposed by the Middle District of Georgia." (*Id*.)   Therefore, the Magistrate Judge determined that the Petitioner's claims fell under Section 2255.   (*Id*.)   The Magistrate Judge then reviewed the language of Section 2255, and found that because this Court did not sentence the Defendant, this Court was without jurisdiction to consider the petition.   (*Id*.)   Finally, the Magistrate Judge determined that the savings clause of Section 2255 did not apply to the Petitioner, because "the Petitioner [did] not allege an intervening change in law that establishes his actual innocence of the underlying conviction," and because "*Johnson* claims [now satisfy] the gatekeeping provisions of Section 2255(h)(2)."   (*Id*. at 9.)

In objecting to these findings, the Petitioner argues that he satisfies the requirements of the Section 2255 savings clause.   The savings clause requires a change in substantive law, subsequent to a prisoner's conviction and first Section 2255 petition, that renders the Prisoner actually innocent.   To satisfy this requirement, the Petitioner argues that *Johnson* renders his sentence as a career offender erroneous.   The savings clause also requires that the change in substantive law must fall outside the gatekeeping requirements of Section 2255.   Those requirements limit successive Section 2255 petitions to those based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §2255(h)(2).   The Petitioner does not directly address this issue.   Instead, the Petitioner focuses on the unavailability of relief for his claims in the Eleventh Circuit.   The Petitioner argues that in *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015), the Eleventh Circuit held that the career offender provisions of the sentencing guidelines were not unconstitutionally vague. (Objections, at 7.)   As a result, the Petitioner argues that he is "completely foreclosed from any

Johnson relief available in the Eleventh Circuit," and a second or successive Section 2255 petition would be "inadequate, ineffective and most likely futile in the Eleventh Circuit.[2]"   (*Id.*)

The fact that relief under *Johnson* is currently foreclosed by the Eleventh Circuit does not satisfy the requirements of the Section 2255 savings clause.   The Petitioner has failed to show that his Section 2241 petition relies upon a "new rule" that is "not one of constitutional law."   Even if the Court were to agree with the Petitioner that the Supreme Court's holding in *Johnson* applies to the career offender provisions of the USSG, *Johnson* established a new rule of constitutional law, and it was made retroactive to cases on collateral review by the Supreme Court's holding in *Welch*. The fact that the Eleventh Circuit has adopted a contrary position does not in any way affect the outcome of the Section 2255 savings clause analysis.   The savings clause is not an invitation for prisoners to shop for the Court or Circuit with the most favorable precedent.

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. §2241* (Document 1) be **RE-CHARACTERIZED** as a second or successive motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.   The Court **ORDERS** that this matter be

---

[2]  The Petitioner attempts, in vain, to contrast current Eleventh Circuit precedent with the precedent of the Fourth Circuit.   The Petitioner argues that in *In re Hubbard*, 825 F.3d 225 (4th Cir. 2016), the Fourth Circuit "held that Johnson claims apply to career offender enhancements under USSG §4B1.2."   (Objections, at 7.)   However, in *Hubbard*, the Fourth Circuit did not find that Johnson claims applied to the career offender enhancement of the guidelines.   Rather, the Fourth Circuit reviewed the petitioner's request to file a second or successive Section 2255 petition, and found that "[g]iven the relatively low bar" for granting such requests, the petitioner's argument that *Johnson* should also apply to the career offender provisions of the sentencing guidelines was sufficient to allow a successive petition.   *See Hubbard*, 825 F.3d at 231.   The Fourth Circuit expressly disclaimed any ruling on the merits of the Petitioner's argument, noting that, even if Johnson was a new rule applicable to the career offender provisions, it was "for the district court to determine whether the new rule extends to the movant's case …"   *Id.*

5

**TRANSFERRED** to the United States Court of Appeals for the Eleventh Circuit for consideration under 28 U.S.C. §§ 2244(a) and 2255(h).[3]

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Omar J. Aboulhosn, to the Clerk of the Eleventh Circuit Court of Appeals, to counsel of record, and to any unrepresented party.

ENTER:    September 15, 2016

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[3] The Magistrate Judge's PF&R included a section notifying the Petitioner of the deadline for filing *Johnson* claims, given the lack of clarity as to whether such claims will be deemed to be filed as of the filing date of a transferred case. The Court seeks to notify the receiving court that it is possible that the Petitioner separately filed a § 2244 petition in accordance with that notice, resulting in duplicative filings.